UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:25-cv-01976-PGB-RMN

WILLIAM VITANYI,

    Plaintiff,

v.

TRANS UNION LLC,

    Defendant.

_____/

**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff William Vitanyi ("Plaintiff"), by and through undersigned counsel, brings this Amended Complaint for declaratory relief against Trans Union LLC ("TransUnion" or "Defendant"), and alleges as follows:

**INTRODUCTION**

1. This action arises from a data security incident in July 2025 involving unauthorized access to Plaintiff's personal information maintained by TransUnion, one of the nation's largest consumer reporting agencies.

2. Plaintiff brings this action solely for declaratory relief under Chapter 86, Florida Statutes, to resolve a present and concrete controversy concerning the nature and consequences of that incident, including the scope of the information exposed and Plaintiff's continuing risk of identity theft.

3. Plaintiff does not seek monetary damages, class-wide relief, or injunctive orders. Rather, Plaintiff seeks judicial declarations to clarify the facts and legal relations necessary for him to take informed steps to protect himself from future misuse of his personal data — steps that he cannot meaningfully undertake without those declarations.

## PARTIES

4. Plaintiff William Vitanyi is a natural person and resident of Orange County, Florida.

5. Defendant Trans Union LLC is a Delaware limited liability company with its principal place of business in Illinois. TransUnion collects, maintains, and disseminates consumer credit information nationwide, and stores sensitive personal data of Florida residents, including Plaintiff.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under Chapter 86, Florida Statutes, because this action seeks declaratory relief concerning an existing and substantial controversy affecting Plaintiff's rights and legal interests.

7. Venue is proper because Plaintiff resides in this District, Defendant conducts substantial business here, and the events giving rise to this controversy caused harm in this District.

8. Plaintiff further stipulates that the total monetary value of the relief sought does not exceed $74,999.00.

## FACTUAL ALLEGATIONS

9. As part of its business operations, Defendant collects and maintains sensitive personal information about Plaintiff, including his name, date of birth, social security number, credit information, and other unique private information.

10. This information is foundational to Plaintiff's identity in financial, commercial, and governmental contexts. It is also highly valuable to bad actors who use such data to engage in identity theft, fraud, and other misuse.

11. Once exposed, this type of information cannot be changed or replaced. Its compromise creates an enduring risk of future misuse that is not limited to the moment of breach.

12. On or about August 26, 2025, Defendant notified Plaintiff by letter that an unauthorized party had accessed his personal information during a cybersecurity incident occurring on or about July 28–29, 2025.

13. The notice confirmed that some elements of Plaintiff's personal information were exposed but provided few details about the method of access, the nature of the intrusion, or the categories of data involved.

14. The notice explicitly states the compromised information included Plaintiff's social security number and date of birth, as well as "specific data elements" without further elaboration.

15. The notice also did not disclose what additional identifiers — beyond those explicitly mentioned — were compromised, whether the information was encrypted or otherwise protected, or whether the unauthorized access was ongoing or limited to a single event.

16. Plaintiff is unable to independently verify the answers to these questions because the information necessary to do so remains solely within Defendant's possession and control.

17. Because the exposed data includes immutable identifiers, the consequences of the breach are not confined to the past. The information may circulate indefinitely and can be exploited to commit fraud months or even years after its initial compromise.

18. The ongoing risk is compounded by the uncertainty surrounding the scope of the incident. Without knowing precisely what information was accessed, under what circumstances, and how it may be used, Plaintiff cannot accurately assess his level of exposure or take effective steps to protect himself.

19. The lack of clarity creates an immediate and ongoing controversy. Plaintiff cannot make informed decisions about whether to place extended freezes,

file reports with law enforcement, pursue regulatory complaints, or employ additional protective measures without judicial clarification of the facts and rights at issue.

20. It is axiomatic that a data breach involving Plaintiff's social security number and date of birth increases Plaintiff's risk of identity theft. Defendant, however, refuses to admit or acknowledge this plainly logical consequence. As such, Plaintiff and Defendant completely disagree as to the nature and consequences of the July 2025 data breach and its impact on Plaintiff's personal information and future risk profile.

21. This disagreement is not hypothetical. It directly affects Plaintiff's current and future decisions concerning how to protect his identity, what legal rights he can exercise, and what reporting obligations or remedies may be available to him.

22. Judicial declarations are necessary to resolve this uncertainty and allow Plaintiff to make informed decisions in response to a continuing and substantial risk to his identity and financial security.

**COUNT I – DECLARATORY RELIEF**
**(Chapter 86, Florida Statutes)**

23. Plaintiff incorporates by reference ¶¶ 9-22 as though fully incorporated herein.

24. An actual, present controversy exists between Plaintiff and Defendant regarding (a) the nature and scope of the data incident that occurred in July 2025;

(b) the extent to which Plaintiff's personal information was accessed or compromised; and (c) the resulting increased risk of identity theft and the steps Plaintiff may take in response.

25. Plaintiff seeks judicial declarations that:

    a. Plaintiff's personal information was accessed by unauthorized parties during the July 2025 data breach;

    b. The nature of the compromised information materially increases Plaintiff's ongoing risk of identity theft;

    c. Plaintiff is entitled to receive sufficient information from Defendant to assess and mitigate that risk; and

    d. Plaintiff is entitled to exercise rights and pursue protective measures triggered by the unauthorized access to his personal information.

26. The requested declarations will resolve the existing controversy, clarify the legal relations between the parties, and enable Plaintiff to take meaningful and effective steps to protect himself from future harm.

27. WHEREFORE, Plaintiff respectfully requests that the Court, enter the declarations requested above, award costs as permitted by law, and grant such other and further relief as the Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

DATED: October 16, 2025

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33309
Phone:   561-542-8550

**GARRETT BERG, ESQ.**
Florida Bar No. 1000427
E-mail:   garrett@gberglegal.com
GARRETT BERG LAW, P.A.
555 NE 15th Street, PH A
Miami, Florida 33132
Phone:   305-298-2253

**CHRIS GOLD, ESQ.**
Florida Bar No. 88733
E-mail:   chris@chrisgoldlaw.com
GOLD LAW, PA
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
Phone:   561-789-4413

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 16, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                        /s/ Thomas J. Patti
                                        **THOMAS J. PATTI, ESQ.**
                                        Florida Bar No.: 118377